IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| VIVIANA ANSELME et al.,         ) | |
|     Plaintiffs,                             ) | Civil Action No. 3:20cv00005 |
|                                                 ) | |
| v.                                              ) | MEMORANDUM OPINION |
|                                                 ) | & ORDER |
| ERIC GRIFFIN &                        ) | |
| RAHEEM RUMSEY,                 ) | By:   Joel C. Hoppe |
|     Defendants.                         ) | United States Magistrate Judge |

This matter is before the Court on pro se Defendant Eric Griffin's letter motion to set aside the Clerk's entry of his default on Plaintiffs' Complaint. ECF No. 42; *see* Order of Mar. 19, 2021 (citing *Castro v. United States*, 540 U.S. 375, 381–82 (2003); Fed. R. Civ. P. 55(c)), ECF No. 48; Clerk's Entry of Default (Feb. 16, 2021), ECF No. 40; Pls.' Br. in Opp'n, ECF No. 50. Plaintiffs' properly filed Amended Complaint moots Griffin's default on their original pleading, which no longer performs any function in this case. Accordingly, the Clerk's Entry of Default, ECF No. 40, will be vacated and Griffin's motion, ECF No. 42, will be denied as moot.

I. Background

Plaintiffs Viviana Anselme and Alysha Honeycutt are inmates at Fluvanna Correctional Center for Women ("FCCW") in Fluvanna, Virginia. Am. Compl. ¶¶ 3, 4, ECF No. 44 (Feb. 24, 2021). In February 2020, Anselme and Honeycutt filed this lawsuit against Defendants FCCW, Warden Eric Aldridge, Griffin, Raheem Rumsey, and a Sgt. Perez, alleging that they violated Plaintiffs' Eighth Amendment rights against cruel and unusual punishment. *See generally* Compl., ECF No. 1 (Feb. 14, 2020). Anselme sought $10 million against Griffin in his individual capacity for "sexually assaulting[] and subsequently psychologically torturing Anselme," *id.* ¶ 75 (Count I), while Griffin was an FCCW correctional officer in April 2017. *See generally id.* ¶¶ 12–34, 37 ("On June 14, 2018, Griffin was convicted of felony carnal knowledge of an inmate in

1

Fluvanna County Circuit Court."). On May 18, 2020, a process server delivered a summons and copy of the original complaint to Griffin personally at Griffin's home in Keswick, Virginia. *See* Aff. of Service as to Def. Griffin (returned May 20, 2020), ECF No. 14. The summons instructed that "[w]ithin 21 days," Griffin "must serve on the plaintiff an answer to the attached complaint or a motion [to dismiss] under Rule 12 of the Federal Rules of Civil Procedure" by sending his answer or motion to plaintiff's attorney at the address listed on the summons and by filing a copy with the court. Summons in a Civ. Action, ECF No. 8. It also warned that if Griffin "fail[ed] to respond, judgment by default w[ould] be entered against [him] for the relief demanded in the complaint." *Id.* Griffin's 21-day deadline to respond to the complaint expired on June 8, 2020. Fed. R. Civ. P. 6(a)(1); *see also* Mem. Op. of Dec. 17, 2020, at 1 (noting that Griffin "did not file a motion" and the "[c]laims against Griffin . . . will proceed and are not subject to th[e] motion to dismiss" filed by Defendants FCCW, Aldridge, and Perez), ECF No. 34.

On June 1, 2020, the Virginia Attorney General's Office entered its appearance on behalf of FCCW, Warden Aldridge, and Sgt. Perez, ECF No. 16, and moved to dismiss all claims against those state-official Defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF Nos. 17, 18. Counsel specifically noted that the Commonwealth did not represent Griffin in this matter. ECF Nos. 16, 18. That December, the presiding District Judge granted the state-official Defendants' motion and dismissed them from the action. *See generally* Mem. Op. of Dec. 17, 2020, at 1, 4–13; Order of Dec. 17, 2020, ECF No. 35; Pls.' Mot. to Am. Compl. 1, ECF No. 41. He also gave Plaintiffs leave to amend their complaint as to Count III, which sought equitable relief against FCCW's Warden, and to fix the spelling of Defendant Rumsey's name. *See* Mem. Op. of Dec. 17, 2020, at 11–13; Pls.' Mot. to Am. Compl. 2.

On February 16, 2021, the Clerk entered Griffin's default under Rule 55(a) and mailed a copy of the entry to Griffin's home address. *See* ECF Nos. 39, 40; Pl. Anselme's Mot. for Entry of Default, ECF No. 37. A few days later, Plaintiffs filed a motion for leave to amend their complaint, informing the Court that they were no longer seeking equitable relief; they only wanted to pursue their damages claims against Defendants Griffin and Rumsey in their individual capacities. *See* Pls.' Mot. to Am. Compl. 2. Thus, they sought leave to remove from the original complaint all allegations not "directed specifically toward those Defendants," to delete Count III, and to correct the spelling of Rumsey's name. *Id.* The Court granted that request, ECF No. 43, and Plaintiffs filed their two-count Amended Complaint on February 24, 2021, ECF No. 44. The amended pleading is substantively identical to the original complaint's claims and allegations against Griffin, but it does not adopt or incorporate any portion of that pleading by reference. *See generally* Am. Compl. ¶¶ 1–34, 45–47.

Also on February 24, the Court received Griffin's pro se letter motion asking to "be excuse[d] from th[e] previous default." ECF No. 42; *see* Order of Mar. 19, 2021, at 1. Griffin acknowledged he knew as of May 18, 2020, that he "was supposed to appear for this court proceeding" and stated that he was "unable" to do so because he did "not hav[e] any legal support." Mot. to Set Aside Default 1. He was still looking for an attorney to defend the case. ("If I have not attained an attorney for the next court date[, t]hen I will have no choice but to appear."). Anselme opposed Griffin's request, arguing that he had not shown good cause to set aside the default under Rule 55(c). *See generally* Pls.' Br. in Opp'n 2–4 (discussing the four factors articulated in *Payne v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006)). I held a hearing on May 3, 2021, at which both parties appeared by telephone. ECF No. 56. At the hearing I asked Plaintiffs' counsel whether the filing of their Amended Complaint essentially negated Griffin's

3

default on the original complaint. *Cf. Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'" (quoting *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)); *In re Lowe's Fair Labor Standards Act Wage & Hour Litig.*, --- F. Supp. 3d ---, ---, 2021 WL 374976, at *17 (W.D.N.C. Feb. 3, 2021) ("Unless an amended complaint specifically . . . adopts or incorporates by reference the earlier pleadings, the amended complaint supersedes an original complaint and renders the original complaint without legal effect." (citing *Young*, 283 F.3d at 572)). Counsel conceded that their Amended Complaint superseded the original and was now the operative pleading in this case, but nonetheless argued that the entry of default should stand. He also recognized that the Court had broad discretion in determining whether to set aside Griffin's default. *See Payne*, 439 F.3d at 204–05.

## II. Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). When a defendant defaults—for example, by failing to respond to the complaint's allegations within the time allowed—he or she "admits the plaintiff's well-pleaded allegations of fact" contained in that complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see* Fed. R. Civ. P. 8(b)(6). Those admissions "then provide the basis for judgment," *Montblanc-Simplo Gmbh v. Montblancpensale.org*, 297 F.R.D. 242, 246 (E.D. Va. 2014) (citing *Ryan*, 253 F.3d at 780), awarding plaintiff "the relief sought in th[e] action," *Ryan*, 253 F.3d at 780. *See generally JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) ("[I]n the default judgment context, factual allegations in the

complaint are deemed admitted and the 'appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein.'" (quoting *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, No. 99-1508, 1999 WL 598860, at *1 (4th Cir. 1999)). But, "[e]ntry of default raises no protectable expectation that a default judgment will follow." *Colleton Preparatory Acad., Inc. v. Hoover Universal Inc.*, 616 F.3d 413, 419 n.6 (4th Cir. 2010) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998)). The default can be set aside for good cause shown, Fed. R. Civ. P. 55(c), or vacated as moot because the plaintiff amended a prior unanswered complaint, *see, e.g.*, *Allstate Ins. Co. v. Yadgarov*, No. 11cv6187, 2014 WL 860019, at *13 (E.D.N.Y. Mar. 5, 2014).

Plaintiffs properly filed their amended complaint on February 24, 2021. ECF No. 44. The amended complaint did not assert new allegations or claims against Griffin. Because Griffin was in default when the amended complaint was filed, Plaintiffs need not have served him with the amended complaint for it to be the operative pleading. *See* Fed. R. Civ. P. 5(a)(2); *Allstate*, 2014 WL 860019, at *6–7. As to Griffin, when the amended complaint was filed, Plaintiffs' "earlier complaint [became] a dead letter and no longer performs any function in the case." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) (quotation marks omitted).[1] "It is well settled that an amended pleading supersedes the original, and [that] motions directed at superseded pleadings [may] be denied as moot." *Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529,

---

[1] The Fourth Circuit has not considered whether filing an amended complaint, without more, provides "good cause" under Rule 55(c) to set aside a defendant's default on a prior pleading. *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 131 n.1 (4th Cir. 2020) (discussing the *Payne* factors); *Colleton Preparatory Acad.*, 616 F.3d at 417–21 (same). The court has held that an "original complaint [is] of no effect" once properly amended, and consequently, that a district court's "rul[ing] on a mooted complaint, not the operative one," is not a final order appealable under 28 U.S.C. § 1291. *Fawzy*, 873 F.3d at 455 ("[T]he effect of the amended complaint's filing was fatal to our jurisdiction."). It follows that a district court order entering default judgment "on a mooted complaint" without "address[ing] the operative amended pleading," *id.*, also would not "end the litigation on the merits" of the plaintiff's actual claims for relief, *Catlin v. United States*, 324 U.S. 229, 233 (1945).

5

530 (E.D. Va. 2015) (citing *Young*, 238 F.3d at 573; *Synovus Bank v. Karp*, No. 1:10cv172, 2010 WL 4623851, at *1 (W.D.N.C. Nov. 3, 2010) (collecting cases)); *see Capell v. N.C. Div. of Vocational Rehab. Servs.*, No. 3:10cv355, 2010 WL 4363571, at *1 (W.D.N.C. Oct. 5, 2010). Consistent with this principle, district courts in other circuits routinely have vacated or set aside "as moot" a defendant's default on a prior, superseded complaint once the plaintiff's amended complaint is the operative pleading in the case—even if the plaintiff simply repleaded her claims against that defendant. *See, e.g.*, *In re Gibbs*, 617 B.R. 736, 743 (N.D. Ga. Bankr. 2020); *Allstate Ins. Co.*, 2014 WL 860019, at *6–11, *13–14 (collecting cases); *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13cv1395, 2014 WL 6810663, at *3–4 (S.D. Cal. 2014); *Winston v. City of Laurel*, No. 2:12cv61, 2012 WL 5381346, at *2 (S.D. Miss. Oct. 31, 2012); *Mercer v. Csiky*, Civ. Act. No. 08-11443, 2010 WL 2671329, at *2, *4 (E.D. Mich. June 30, 2010). This approach makes sense, considering the record in this case, and it heeds the Fourth Circuit's clear instructions that, "[u]nless an amended complaint specifically . . . adopts or incorporates" a prior complaint by reference, "the amended complaint supersedes" its predecessor "and renders the original complaint without legal effect." *In re Lowe's*, 2021 WL 374976, at *17 (citing *Young*, 238 F.3d at 572); *see Fawzy*, 873 F.3d at 455.

Accordingly, the Clerk's Entry of Default as to Defendant Eric Griffin, ECF No. 40, is hereby VACATED AS MOOT, *Allstate Ins. Co.*, 2014 WL 860019, at *2. Griffin's pro se letter motion to set aside the default, ECF No. 42, is DENIED AS MOOT. *Wahoo Int'l*, 2014 WL 6810663, at *4. Defendant Eric Griffin shall file an answer to the Amended Complaint, ECF No. 44, within **fourteen (14) days** from the date of entry of this Order.

The Clerk shall send a copy of this Memorandum Opinion and Order to the parties.

It is so ORDERED.

ENTERED: May 26, 2021

Joel C. Hoppe
United States Magistrate Judge

7