UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| VIVIANA ANSELME & ALYSHA HONEYCUTT, *Plaintiffs*, v. ERIC GRIFFIN & RAHEEM RUMSEY, *Defendants.* | CASE NO. 3:20-cv-00005<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court for an evidentiary hearing and report and recommendation to determine the amount of damages that Defendant Eric Griffin should pay Plaintiff Viviana Anselme for violating her Eighth Amendment right against cruel and unusual punishment. Dkts. 71, 77, 78; Fed. R. Civ. P. 55(b)(2). In February of 2021, Plaintiffs Anselme and Honeycutt filed an amended complaint against Defendants Griffin and Rumsey, both former Fluvanna Correctional Center for Women correctional officers, seeking damages under 42 U.S.C. § 1983 for sexual assault. Dkt. 44. Default judgment was entered against Defendant Griffin in October 2021, following Griffin's repeated failure to answer Plaintiffs' complaint. Dkt. 71.

United States Magistrate Judge Hoppe issued a Report and Recommendation ("R&R") in the instant motion, in which he recommended that the Court award Anselme $12,790 in compensatory damages and $10,000 against Griffin in his personal capacity. *See* Dkt. 84. Plaintiff, pursuant to 28 U.S.C. § 636(b)(1)(C), objected to the R&R. Dkt. 87. Plaintiff objects solely to the amount of the proposed damages award. She argues that (1) the complaint's

1

allegation regarding Defendant Griffin's sexual assault of Plaintiff should be taken as true for purposes of assessing damages, and (2) the Court should increase the damage award.

The Court conducts a de novo review of those portions of the R&R to which Plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## **Background**

The parties have not disputed the R&R's recapitulation of the background of this action, and so, for purposes of its decision, the Court incorporates this background here. Briefly, this action concerns Griffin's sexual assault of Anselme while Anselme was an inmate at Fluvanna Correctional Center for Women ("FCCW"). Judge Hoppe held an evidentiary hearing and issued a thirty-page R&R on January 4, 2023 (with a typographical modification on January 5, 2023), recommending Plaintiff Anselme's application for default judgment against Defendant Griffin be granted and Plaintiff Anselme be awarded $12,790 in compensatory damages and $10,000 in punitive damages against Defendant Griffin in his personal capacity pursuant to 42 U.S.C. § 1983. Plaintiff filed her objection to the R&R on January 18, 2023. Defendant filed no response.

Judge Hoppe's R&R stated:

'For the purposes of this decision, the complaint alleges, the default establishes, and the parties agree,' *Ryan*, 253 F.3d at 780, that on April 8, 2017, Griffin inserted his finger in to Anselme's vagina while she was incarcerated, *see* Am. Compl. ¶¶ 1, 2, 15; Evid. Hr'g Tr. 40:4–8. Griffin was prosecuted for that conduct and pleaded guilty to one count of felony carnal knowledge of an inmate. Am. Compl. ¶ 34; Evid. Hr'g Tr. 44:7–13.

Dkt. 84 at 18. He determined that "the facts alleged and established by credible evidence presented at the Rule 55 hearing support Anselme's request for compensatory damages under 42

U.S.C. § 1983." *Id.* at 19. He also found that the facts alleged support punitive damages. *Id.* at 19–20.

Regarding her emotional damages, Judge Hoppe "credit[ed] Anselme's testimony regarding her emotional damages to an extent," though he found "that she has failed to prove by a preponderance of the evidence that the damages directly linked to Griffin's sexual misconduct are worth $250,000." *Id.* at 27. Instead, he determined that her "testimony describing Griffin's unwanted, invasive sexual touching, the fact that she goes to weekly counseling to process that event, as well as her and her fiancé's consistent testimony that she still experiences nightmares and sometimes thinks she hears Griffin's voice, support awarding Anselme **$5,500** in non-monetary compensatory damages." *Id.*

Judge Hoppe considered Plaintiff's pleadings and testimony to determine her emotional damages. He found that Griffin's sexual misconduct "involved a single instance of Griffin, without Anselme's actual consent, inserting his finger into her vagina." *Id.* at 22. After leaving FCCW, she continued thinking she heard Griffin's voice and testified that "'it's very difficult to go in small stores' because she cannot predict 'when a person is going to say something or sound like [Griffin's] voice' and the small space 'feels like it's closing in on' her." *Id.* at 22–23 (quoting Evid. Hr'g Tr. 18:3–8, 18:12). But he found that her testimony "did not demonstrate harm justifying significant compensatory damages." *Id.* at 23 (citing *Carrington v. Easley*, No. 5:08-CT-3175, 2011 WL 2119421, at *4 (E.D.N.C. Feb. 8, 2011)) (plaintiff received nominal damages after testifying that a guard's sexual assault caused the plaintiff to experience "nightmares, feelings of defenselessness and anxiousness, panic attacks, and episodes of bed-wetting").

He also determined that her testimony was not entirely credible. In determining this, he noted that she delivered vague statements, failed to explain "why her aversion to 'small stores' was plausibly connected to Griffin's isolated sexual assault as opposed to Anselme living in a 'very small' prison cell for many years," and when Griffin spoke or others spoke about Griffin during his hearing she "did not appear to panic, perspire, or flash back to the sexual assault at any point during the hearing." *Id.* at 23–24 (internal citations omitted). Judge Hoppe also noted that her demeanor greatly changed on the witness stand, "depending on who she addressed." *Id.* at 24 (internal citation omitted). He stated that her "answers to counsel's questions bearing on her emotional damages were vague and, at times, nonresponsive." *Id.* at 25.[1] And Judge Hoppe described that Anselme "seemed to attribute any 'improvement' in her emotional state more to being released from prison in July 2022 than to seeing Ms. Anderson for weekly therapy sessions for the past three months." *Id.*

He found that her only medical evidence presented came from a licensed clinical social worker (Ms. Anderson), was not accompanied by any medical records, and was inconsistent with the testimony Anselme provided describing her mental and emotional state. *Id.* at 25–26. Further, Judge Hoppe found that Ms. Anderson's opinion regarding Anselme needing to continue intensive therapy "is vague and contains no information about what this 'intensive therapy' might involve," and does not "support counsel's assertion that Anselme will need therapy 'indefinitely,' 'for the foreseeable future,' or 'with no end in sight.'" *Id.* at 26 (quoting

---

[1] His R&R provides the following example: "asked if "*you believe* that you will have to continue getting therapy to work through what has happened to you for the foreseeable future indefinitely?" Anselme responded, "That's what *the doctor tells* me." *Id.* at 18:18–21 (emphasis added); *see also id.* at 18:22–24. Thus, Anselme did not testify that she, personally, believes she will need therapy "indefinitely" or "for the foreseeable future" to work through what Griffin did to her." *Id.* at 25.

Evid. Hr'g Tr. 18:18–23). Finally, he found that her "criminal history undermines her reliability as a witness overall." *Id.* at 27.

Regarding her past and future medical expenses, Judge Hoppe determined she should be awarded $7,290 in actual damages. *Id.* at 28. He noted that her testimony and her therapist's letter show she "has incurred roughly $3,645 in past medical expenses, including mileage, by seeing Ms. Anderson once a week (at $200 per session) since August 11, 2022." *Id.* But she has not proven by a preponderance of the evidence that she will need to continue seeing her therapist indefinitely. *Id.* (internal citation omitted). Ms. Anderson submitted a letter that stated Anselme "'will need to continue intensive therapy to learn and develop effective coping skills to implement' when she has 'flashbacks and nightmares,' as well as to 'address' unspecified 'core issues the assault has caused.'" *Id.* (citing Pl.'s Ex. 1, at 1). But Judge Hoppe noted the lack of description regarding "what this 'intensive' therapy involves" and the letter's failure to "provide any indication of how long it might take for Anselme to learn and develop effective coping skills." *Id.* He arrived at an award of $3,645 in future medical expenses because that amount would "allow Anselme to continue seeing Ms. Anderson for another three months to help her process and heal from Griffin's sexual assault." *Id.*

Judge Hoppe also found that punitive damages are appropriate in this case, though he recommended awarding $10,000 in punitive damages instead of the $350,000 that Plaintiff sought. *Id.* at 29. He cited other prison-based sexual assault cases in which punitive damages were awarded. *Id.* For example, he noted that in *Etters v. Shanahan*, No. 5:09-CT-3187-D, 2013 WL 787344, at *2, *7 (E.D.N.C. Feb. 6, 2013), the court awarded $100,000 in punitive damages against an officer who forced an inmate to perform oral sex multiple times and raped the inmate at least twice. Dkt. 84 at 29. In *Painter v. Blue Ridge Reg'l Jail Auth.*, No. 6:17-cv-34, 2018 WL

– 5 –

3631895, at *4–5 (W.D. Va. July 31, 2018), since vacated, this Court awarded $100,000 in punitive damages to an inmate who endured multiple "graphic sexual assaults," including forced vaginal penetration causing "specific physical injuries," by former guard who extorted the inmate's serious medical conditions in exchange for oral sex. Dkt. 84 at 29. In *Morris v. Eversely*, 343 F. Supp. 2d 234, 237 (S.D.N.Y. 2004), a jury awarded $15,000 in punitive damages against a guard who attempted to rape an inmate. Dkt. 84 at 29.  And in *Carrington v. Easley*, No. 5:08-CT-3175-FL, 2011 WL 2132850, at *5 (E.D.N.C. May 25, 2011), the court awarded $5,000 in punitive damages against a guard who tried to perform oral sex on an inmate before the inmate pushed the guard away. Dkt. 84 at 29.

### Analysis of Objections

#### 1.   *Plaintiff Takes Issue with Judge Hoppe's Synthesis of Federal Rules of Civil Procedure 8 and 55, as Applied to Anselme's Testimony*

Though Plaintiff acknowledges that "Judge Hoppe's report and recommendation generally identifies and applies the correct legal standards," she disagrees with his application of Federal Rules of Civil Procedure 8 and 55 regarding her testimony at the November 22, 2022 damages hearing. Dkt. 87 at 2.

The Fourth Circuit has recognized that "[d]espite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. V. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotations and citations omitted)). Judge Hoppe recognized in his R&R that "'[u]pon the entry of default, the defaulted [defendant] is deemed to have admitted all well-pleaded allegations of fact contained in the complaint,' except those relating to damages, Fed. R. Civ. P. 8(b)(6)." (quoting *J&J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012) (citing *Ryan v.*

*Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)) (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (("Upon default, the well-pled allegations in a complaint *as to liability* are taken as true, although the allegations as to damages are not." (emphasis added) (internal citation omitted)). He elaborated that related doctrine "suggests that the Court should look only to the amended complaint's well-pleaded facts in determining whether Griffin's sexual misconduct, as so graphically described in that pleading, supports Anselme's request for relief." Dkt. 84 at 14.

Judge Hoppe also acknowledged as contradictory that Rule 55(b)(2) "allows the court to hold a hearing "when, to enter or effectuate judgment, it needs to . . . determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter." Dkt. 84 at 14 (quoting Fed. R. Civ. P. 55(b)(2)(B)–(D)) (emphasis added in R&R). Ultimately, Judge Hoppe determined "only whether the well-pleaded facts in Anselme's amended complaint, accepted as true, support her request for compensatory and punitive damages against Griffin under 42 U.S.C. § 1983," due to "the lack of guidance from the Fourth Circuit in how to proceed in this situation." *Id.* at 16 (citing *Ryan*, 253 F.3d at 780). And he stated that he "also considered Anselme's and Griffin's hearing testimony insofar as it 'simply added factual details that fleshed out [the] claim' asserted in Anselme's amended complaint." *Id.* (quoting *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 500 (5th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)(B), (D)).

Plaintiff argues that "there is no 'contradiction' between Rule 8(b)(6) and Rule 55(b)(2)(C)." Dkt. 87 at 3. She argues that

> Rule 55(b)(2)(C)'s empowerment of courts to hold hearings 'to establish the truth of any allegation by evidence' can be harmonized with Rule 8(b)(6) by limiting that power to allegations not deemed true under Rule 8(b)(6), such as allegations relating to the amount of damages, or other allegations denied in a defendant's responsive pleading, if the pleading denies some, but not all, of the complaint's allegations as to liability.

*Id.* She objects to the R&R on the basis that "Judge Hoppe stops short of accepting that the description of Griffin's sexual assault in the complaint should be accepted as true for all purposes, leaving open the possibility that he relied on a less-egregious set of liability facts than alleged in the complaint in assessing damages," and "[i]f [he] did this, it would be error." *Id.* at 4.

The Court denies this objection. Judge Hoppe's R&R, discussed above, illustrates his careful consideration of both the description of Griffin's sexual assault in the complaint and Plaintiff's testimony. The compensatory damages he recommended were comparable to those courts have awarded in cases with similar facts. *See Morton v. Johnson*, No. 7:13-cv-496, 2015 WL 4470104, at *1, 9 (W.D. Va. July 21, 2015) (court awarding $2,000 in non-economic damages on default judgment to an inmate who endured one instance of a prison guard, rubbing her clothed genitals, touching her breast, and hugging her) (cited for this in Dkt. 84 at 22); *Carrington*, 2011 WL 2132850, at *4 (court awarding nominal damages to an inmate because a prison guard led him into a bathroom, forced him to strip naked, then grabbed his penis and attempted to perform oral sex on him) (cited for this in Dkt. 84 at 22). The same is true of the punitive damages recommended. *See* Dkt. 84 at 29 (citing *Painter*, 2018 WL 3631895, at *4–5 (W.D. Va. July 31, 2018); *Morris v. Eversely*, 343 F. Supp. 2d 234, 237 (S.D.N.Y. 2004); *Carrington*, 2011 WL 2132850, at *5).

### 2. *Plaintiff Argues That the Court Should Increase the Damage Award*

Plaintiff also argues that Judge Hoppe, in citing cases that "award[] similar amounts of compensatory and punitive damages to what his [R&R] suggests, based on similar facts," have an "unspoken assumption . . . that a sexual assault victim's status as a prison inmate is somehow a mitigating factor, *i.e.* that people who have committed crimes are somehow less deserving of

recompense for sexual assault than those who have not." Dkt. 87 at 5. Plaintiff argues that "barring an unexpected financial windfall, Griffin is unlikely to be able to satisfy a large judgment, but "the symbolic value of a large award is incalculable" because the Court, in making a large award, "can send a clear message that conviction of a crime does not rob a citizen of basic human dignity, that our society does not tolerate victimization of the powerless by the powerful, and that government employees are held to the same—if not higher—standards of behavior as ordinary citizens." *Id.* at 6.

The Court denies this objection. Judge Hoppe, in citing cases in which plaintiffs have been awarded compensatory and punitive damages under similar facts, naturally considered prison inmates similarly situated to Anselme. He did not indicate they deserve less recompense based on their position as inmates. Instead, he recognized that "Griffin's criminal sexual misconduct undoubtedly involved 'reckless indifference' to Anselme's Eighth Amendment right not to be subjected to sexual abuse while incarcerated," and he awarded punitive damages, in addition to compensatory. Dkt. 84 at 28 (internal citations omitted). He found punitive damages necessary "to punish Griffin for his reprehensible conduct and to deter other correctional officers from committing similar abuses against the individuals placed in their custody." *Id.* at 29.

**Conclusion**

Accordingly, Judge Hoppe's Report and Recommendation, Dkt. 84, is **ADOPTED** in full. Plaintiff Anselme's application for default judgment against Defendant Griffin is **GRANTED**. Plaintiff Anselme is **AWARDED** $12,790 in compensatory damages, and 10,000 in punitive damages, against Defendant Griffin in his personal capacity under 42 U.S.C. § 1983.

It is so **ORDERED**.

The Clerk of Court is hereby directed to send a copy of this Order to the parties.

ENTERED this __10th__ day of February, 2023.

– 9 –

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE